UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIN COMMUNICATIONS,
INC., et al.,
        Plaintiffs,           CIVIL ACTION NO.  06-CV-12335-DT

 VS.                                DISTRICT JUDGE ARTHUR J. TARNOW

MAGAZINE BILLING,        MAGISTRATE JUDGE MONA K. MAJZOUB
SERVICES, INC., et al.,
        Defendants.
                                         /

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST INTERROGATORY AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Before the Court is Plaintiffs' Emergency Motion to Compel Defendants' Responses to Plaintiffs' First Interrogatory and First Request for Production of Documents filed on March 14, 2007.  (Docket no. 35).  Defendants filed a Response on March 28, 2007.  (Docket no. 38).  Plaintiffs filed a Reply brief on April 4, 2007.  (Docket no. 39).  The parties also submitted a Statement of Resolved and Unresolved Issues on April 11, 2007.  (Docket no. 40).  The Court conducted a hearing on the motion on April 16, 2007.  The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 36).  The matter is now ready for ruling.

    Plaintiffs are publishers of AutoWeek Magazine.  Defendants are fourteen corporations and their principals and employees who sell subscriptions to magazines.  Plaintiffs allege that Defendants have sold subscriptions for AutoWeek without Defendants' authorization and otherwise improperly.  Plaintiffs raise claims of tortuous interference with business relationship, trademark

infringement, false designation of origin, common law unfair competition, RICO violations, conversion, unjust enrichment, and of violations of the Michigan Consumer Protection Act.

Certain Defendants (the Moving Defendants) filed a motion to dismiss alleging that the Court lacks personal jurisdiction over them. Judge Tarnow entered a stipulated Order permitting jurisdictional discovery and briefing on Defendants' Motion to Dismiss. (Docket no. 34). The Order allows Plaintiffs to serve "an interrogatory on each of the moving Defendants, regarding jurisdiction requesting the identification of the incorporators, officers, directors, shareholders, members, employees, and resident agents of each of the corporate moving Defendants." (*Id.*) The Order also allows Plaintiffs to serve "document requests on the jurisdictional issues on each of the moving Defendants." (*Id.*) The Order also establishes a timeline for depositions and for the filing of Plaintiffs' response to Defendants' Motion to Dismiss.

On January 12, 2007, Plaintiffs served an interrogatory and twenty-two requests for production. Defendants admit that their response to the interrogatory did not include the names of the employees of Global Data Services, Inc. Defendants' justification for withholding the employee names is that these persons are "simply employees" of the business. With respect to Plaintiffs' production requests, Defendants raised objections but produced some documents and state that they had no documents responsive to several of the requests. They contend that the stipulated Order was for "jurisdictional discovery" and that Plaintiffs are seeking to conduct "full blown discovery." Plaintiffs argue that all of the requested documents are necessary to show the connections and interactions among the moving Defendants.

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th

Cir. Mar. 28, 1997) (unpublished).  Judge Tarnow's Order requires that employee names be produced pursuant to Plaintiffs' interrogatory.  Therefore, Defendants must supplement their response to Plaintiffs' interrogatory disclosing the employees of Global Data Services, Inc.  Plaintiff seeks by their production requests some documents which Judge Tarnow's Order does not allow.  The Order is limited to "jurisdictional issues."  Plaintiffs' production requests should be limited to those reasonably calculated to lead to the discovery of admissible evidence on the questions relevant to jurisdiction, namely whether Defendants purposefully availed themselves of the privilege of acting in Michigan, whether the cause of action arises out of Defendants' activities in Michigan, and whether Defendants' connection to Michigan is sufficiently strong for the Court to assert jurisdiction over the party.  *See GSI Group Inc. v. Glass, Inc.*, 2007 WL 1008359 (E.D. Mich. Mar. 29, 2007).

Plaintiffs' production requests may be categorized into two classes.  The first class consists of those requests that are overbroad and not reasonably calculated to lead to the discovery of admissible evidence on the jurisdictional questions.  Generally, these are the requests that are not connected in any way to Michigan.  These requests are numbers 1, 2, 3, 4, 5, 6, 7, 10, 14, 15, 16, 17, 18, 20(c), 20(d), 20(e), 21 and 22.  The other class includes those requests that are connected to Michigan in some way and that are the proper subjects of discovery.  These are request numbers 8, 9, 11, 12 (for those requests otherwise proper), 13, 19, 20(a), 20(b), and 20(f).

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion to Compel (docket no. 35) be **GRANTED IN PART AND DENIED IN PART** as set out below.

**IT IS FURTHER ORDERED** that on or before May 1, 2007 Defendants supplement their responses to Plaintiffs' interrogatory by providing the names of all employees of Global Data Services, Inc., and supplement their responses to Plaintiffs' production request numbers 8, 9, 11, 12

(for those requests otherwise proper), 13, 19, 20(a), 20(b), and 20(f) by fully and completely responding to these requests by the same date.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 17, 2007                          s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 17, 2007                          s/ Lisa C. Bartlett
                                               Courtroom Deputy